UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-4840(DSD/JJK)

Jeremy Murchison,

    Plaintiff,

v.                                     **ORDER**

Marathon Petroleum Company,
LLC; Foster Wheeler USA
Corporation; Hughes-Anderson
Heat Exchanger, Inc.,; Anvil
International, Inc. and
Ashland, Inc.,

    Defendants.

This matter is before the court on defendant Hughes-Anderson Heat Exchanger Inc.'s[1] ("Hughes-Anderson") motion to dismiss for failure to state a claim. After a review of the file and record herein, and for the following reasons, the court grants Hughes-Anderson's motion.

**BACKGROUND**

This negligence action arises out of an injury suffered by plaintiff Jeremy Murchison[2] ("Murchison") at defendant Marathon Petroleum Company, LLC's ("Marathon") Minnesota refinery on October 15, 2007. At that time, Murchison was employed as a boilermaker

---

[1] Hughes-Anderson is a foreign company with its principal place of business in Texas. (Am. Compl. ¶ 4.)

[2] Murchison is a citizen of Arkansas. (Id. ¶ 1.)

for AltairStrickland Inc., and was providing contract services for Marathon. (Am. Compl. ¶¶ 14-15.) While Murchison was grinding metal near a catalyst cooler, a spring canister malfunctioned. (Id. ¶¶ 15-16.) The spring struck the right side of Murchison's body between his waist and knee, fracturing his right hip and leg. (Id. ¶ 21.) Murchison's injuries required multiple surgeries. (Id.)

On May 6, 2009, Murchison filed an amended complaint alleging negligence against Hughes-Anderson, Marathon, Foster Wheeler USA Corp. ("Foster Wheeler"), Anvil International, Inc. ("Anvil") and Ashland Inc. On June 19, 2009, Hughes-Anderson moved to dismiss Murchison's claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

**I. Standard of Review**

A complaint must, after taking all facts alleged in the complaint as true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "To survive a motion to dismiss, a complaint

2

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id. at 1950 (quotations and citation omitted).

**II. Negligence**

To establish a prima facie case of negligence under Minnesota law, Murchison must prove: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) proximate cause. See Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 743 (8th Cir. 2009). Hughes-Anderson argues that dismissal is appropriate because the court cannot infer from Murchison's complaint that Hughes-Anderson's acts or omissions proximately caused his injuries.

The complaint alleges that Murchison's injuries were caused by the failure of the spring canisters. (Am. Compl. ¶ 22.) Hughes-Anderson notes, however, that the complaint does not allege that it designed, manufactured, installed or maintained the spring canisters. (Id. ¶ 18.) Hughes-Anderson thus argues that the

3

complaint does not link it to Murchison's injury. In response, Murchison argues that the complaint's allegation that the catalyst cooler "has a support structure system that incorporates [the] spring canisters" is sufficient to create a plausible inference that Hughes-Anderson proximately caused his injuries. (Id. ¶ 16.)

The complaint, however, expressly distinguishes the catalyst cooler from the support system and spring canisters. (See id. ¶¶ 17-19.) The complaint alleges that Foster Wheeler designed "the [c]atalyst [c]ooler with its support system," Hughes-Anderson "designed and manufactured the [c]atalyst [c]ooler," and Anvil designed and manufactured the spring canisters. (Id. ¶¶ 18-19). The complaint does not identify Hughes-Anderson as the manufacturer or installer of the support system or as the installer of the spring canisters in the support system. In light of the complaint's express distinction between the catalyst cooler, support system and spring canisters, and the absence of any factual allegation demonstrating a connection between Hughes-Anderson's catalyst cooler and the spring canisters, the complaint only raises Hughes-Anderson's role in the accident to the level of possibility. Therefore, the court determines that Murchison has not pleaded sufficient facts from which the court can plausibly infer that Hughes-Anderson proximately caused the failure of the spring canisters.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Hughes-Anderson's motion to dismiss [Doc. No. 38] is granted; and

2. Murchison's claim against Hughes-Anderson is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 17, 2009

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court